This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Darius Allison has appealed from his sentence by the Summit County Common Pleas Court. This Court reverses and remands the matter to the trial court for resentencing.
 I.
Defendant was indicted by the Summit County Grand Jury on five counts: aggravated robbery with a firearm specification; unlawful possession of dangerous ordnance; receiving stolen property; inducing panic; and aggravated menacing.[1] Pursuant to a plea agreement, the State amended the charge of aggravated robbery to robbery and decreased the firearm specification to a term of one year. On June 16, 2000, Defendant pled guilty to the robbery, firearm specification and aggravated menacing. The trial court then dismissed the remaining counts and ordered a pre-sentence investigation and a victim impact statement. On June 27, 2000, the trial court sentenced Defendant to a term of eight years on the count of robbery and a term of six months on the count of aggravated menacing, to be served concurrently. The trial court sentenced Defendant to a term of one year for the firearm specification, to be served consecutively. Defendant timely appealed, asserting one assignment of error.
 II. The trial court erred by sentencing [Defendant] to a maximum term of incarceration, in violation of the statutory guidelines provided under felony sentencing laws.
In his sole assignment of error, Defendant has asserted that the trial court erred when it imposed the maximum sentence because the trial court failed to comply with State v. Edmonson (1999), 86 Ohio St.3d 324. This Court agrees.
This Court has already determined that, pursuant to Edmonson, the trial court must make findings and give reasons to support those findings before imposing sentences that are not consistent with recent changes in Ohio's sentencing law in which "minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally."Edmonson, 86 Ohio St.3d at 355; State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 2. This Court has further stated thatEdmonson requires the trial court to use language "that is close, if not identical, to the statutory criteria when articulating its findings."Riggs, supra, at 3.
Pursuant to R.C. 2929.14(C), a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. The only two criteria relevant to this appeal are whether Defendant committed the worst form of the offense or poses the greatest likelihood of committing future crimes. R.C. 2929.14(C).
In reviewing the record in the case at bar, the trial court failed to find that Defendant committed the worst form of the offense or posed the greatest likelihood of committing future crimes. Because the trial court did not make the requisite findings under R.C. 2929.14(C), this Court need not review whether the trial court engaged in an analysis giving its reasons for imposing the maximum sentence. See Edmonson,86 Ohio St.3d at 328-329. Defendant's sole argument is well taken.
 III.
Defendant's sole assignment of error is sustained. The judgment of the trial court is reversed, and the cause is hereby remanded for resentencing.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER
BATCHELDER, P.J., CARR, J. CONCURS.
WHITMORE, J., CONCURS IN JUDGMENT ONLY.
[1] This matter originated in the juvenile court; however, the juvenile court relinquished jurisdiction on March 13, 2000.